**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth and Mary Nichols, husband and wife; Larry and Marsha Hilcher, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>First American Title Insurance Company, a company doing business in Arizona, et al.,<br><br>Defendants. | No. CV-12-08258-PCT-GMS<br><br>**ORDER** |

Pending before the Court is Defendant First American Title Insurance Company's ("First American") Motion to Dismiss (Doc. 5) and Plaintiffs' Motion to Amend (Doc. 10). For the reasons discussed below, Plaintiffs' Motion to Amend is granted and First American's Motion to Dismiss is denied without prejudice.

Plaintiffs in the instant action are four individuals, comprised of two married couples, who entered into a Deed of Trust ("DOT") with Quintero Golf & Country Club ("Quintero") and First American. The purpose of the DOT was to secure a promissory note executed by Quintero in Plaintiffs' favor in the amount of $7,000,000.00. (Doc. 1-1 at 4, ¶ 7.) Whenever Quintero sold a parcel of the property subject to the DOT, a Deed of Partial Release and Partial Reconveyance was issued for Plaintiffs' signatures. (*Id.* at 4, ¶ 8.) According to Plaintiffs, First American was obligated to disburse some of the payment received by Quintero to Plaintiffs. (*Id.*) Plaintiffs allege that First American has

failed to disburse the funds rightfully owned by Plaintiffs. They set out seven different occasions involving the sale of seven parcels in which First American failed to disburse funds to Plaintiffs. (*Id.* at 2, ¶ 9–4, ¶ 16.) Plaintiffs filed suit against First American on December 21, 2012, asserting claims for breach of contract and breach of implied covenant of good faith and fair dealing. (*Id.* at 6–8.) On December 28, 2012, before filing an Answer, First American filed a Motion to Dismiss. (Doc. 5.) Plaintiffs subsequently moved to amend their Complaint. (Doc. 10.)

First American opposes Plaintiffs' Motion to Amend Complaint on the ground that amendment would be futile for the reasons set forth in its Motion to Dismiss. (Doc. 12 at 1.) However, Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend its pleading once as a matter of course if no responsive pleading has been served or if less than twenty days have passed since the initial pleading was served. Here, no responsive pleading has been served as First American has not yet filed an Answer to Plaintiffs' Complaint. "[L]eave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). Plaintiffs' Motion to Amend is therefore granted.

First American contends that Plaintiffs should not be allowed to file an Amended Complaint because all claims in the Complaint are time-barred, and thus any amendment would be futile. (*Id.*) First American's Motion to Dismiss is also based largely on this argument.[1] (*See* Doc. 12.) For the reasons discussed below, The Court does not accept First American's argument that Plaintiffs' claims are time-barred at this stage of the proceedings.

"[T]he statute of limitations defense . . . may be raised by a motion to dismiss . . . [i]f the running of the statute is apparent on the face of the complaint." *Jablon v. Dean*

---

[1] First American's Motion to Dismiss also asserted that Plaintiffs failed to plead with specificity the existence of a contract. (Doc. 5 at 5.) However, Plaintiffs' Proposed Amended Complaint fixes this problem. (Doc. 10-1 at 5–6.) First American does not mention the defect in its Opposition to Plaintiffs' Motion to Amend and Reply in Support of its Motion to Dismiss. (*See* Doc. 12.)

*Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (citing *Graham v. Taubman*, 610 F.2d 821 (9th Cir. 1979)). However, even if the relevant dates alleged in the complaint are beyond the statutory period, the "'complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995); *see Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993). Indeed, "[d]ismissal on statute of limitations grounds can be granted pursuant to Fed. R. Civ. P. 12(b)(6) 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (citing *Vaughan v. Grijalva*, 927 F.2d 476, 478 (9th Cir. 1991) (quoting *Jablon*, 614 F.2d at 682)); *see Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996). "'Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it is not generally amenable to resolution on a Rule 12(b)(6) motion.'" *Hernandez*, 138 F.3d at 402 (quoting *Supermail Cargo*, 68 F.3d at 1206); *see Federal Civil Procedure Before Trial* § 9:194, at 9-48, §9:214.1, at 9-57.

First American contends Arizona's six-year statute of limitations for contracts claims applies to bar Plaintiffs' claims of breach. First American requests that the Court take judicial notice of the seven warranty deeds for the sales of parcels in which Plaintiffs claim First American wrongfully withheld proceeds from Plaintiffs. First American asserts that all seven of the warranty deeds were executed in 2004, and that Plaintiffs' causes of action accrued on the date of each breach. Thus, First American argues, Plaintiffs' causes of action were time-barred as of 2010. However, First American provides no support for its assertion that Plaintiffs' causes accrued on the date of the execution of the warranty deed.

Arizona applies the discovery rule to breach of contract claims. *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 590, 898 P.2d 964, 968 (1995).

Under that rule, "a plaintiff's cause of action does not accrue until the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the cause." *Id.* at 966 (citing 2 Calvin W. Corman, *Limitations of Actions* § 11.1.1 (1991)). The discovery rule, like the doctrine of equitable tolling, "often depends on matters outside the pleadings," and thus cannot usually be resolved on a 12(b)(6) motion to dismiss. *See Hernandez*, 138 F.3d at 402.

Here, Plaintiffs' Proposed Amended Complaint states that the seven warranty deeds were all dated in 2004. (Doc. 10-1 at 3–5.) However, nothing on the face of the Complaint suggests that Plaintiffs discovered First American's wrongdoing as of the date of the warranty deed. The Complaint merely alleges that First American received the proceeds from each of the sales and wired the Plaintiffs' funds to Hillcrest Bank. (*Id.*) Nothing in the Complaint suggests that, at the time that each warranty deed was executed, Plaintiffs knew that First American received the proceeds and wrongfully withheld them or that Plaintiffs were even notified when a sale was made. As such, it is not "beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Hernandez*, 138 F.3d at 402. First American's Motion to Dismiss on this ground is therefore denied. For the same reason, First American's opposition to Plaintiffs' Motion to Amend is rejected.

First American further asserts that Plaintiffs' Complaint should be dismissed because their claims are barred by the equitable doctrine of laches. (Doc. 5 at 9.) "Laches will generally bar a claim when the delay in filing suit is unreasonable and results in prejudice to the opposing party." *League of Ariz. Cities and Towns v. Martin*, 219 Ariz. 556, 558, 201 P.3d 517, 519 (2009) (citing *Sotomayor v. Burns*, 199 Ariz. 81, 83, 13 P.3d 1198, 1200 (2000)). "[A] claim of laches depends on a close evaluation of all the particular facts in a case" and thus is rarely appropriate for resolution at the motion-to-dismiss phase. *Kourtis v. Cameron*, 419 F.3d 989, 1000 (9th Cir. 2005) *abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008). In asserting the defense of laches at this stage, "the defendant must rely

exclusively upon the factual allegations set forth in the complaint." *Id.*

First American claims that Plaintiffs "should have known after each of the seven transactions in 2004 that they did not receive the money owed." (*Id.* at 9–10.) Again, First American fails to cite any authority for this proposition. The unreasonableness of any delay under the doctrine of laches depends on "the justification for delay, including the extent of plaintiff's advance knowledge of the basis for the challenge." *Martin*, 201 P.3d at 519. As discussed above, nothing on the face of the Complaint shows that Plaintiffs had any advance knowledge of the basis of their breach claims, much less what kind of justification might exist for their delay. Once more, it is not "beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Hernandez*, 138 F.3d at 402. First American's Motion to Dismiss on this ground is therefore denied.

**IT IS THEREFORE ORDERED** that Defendant First American's Motion to Dismiss (Doc. 5) is **DENIED Without Prejudice**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Amend (Doc. 10) is **GRANTED**.

Dated this 6th day of March, 2013.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge